UNITED STATES of America, Plaintiff,

v.

George PERALES, Defendant.

Crim. A. No. 4:CR–92–0150.

United States District Court,
M.D. Pennsylvania.

Dec. 8, 1992.

George Rocktashel, Asst. U.S. Atty., Lewisburg, PA, for the U.S.

Patrick A. Casey, Asst. Federal Public Defender, Scranton, PA, for defendant.

### MEMORANDUM

McCLURE, District Judge.

### BACKGROUND

Defendant George Perales was indicted on three counts by a grand jury sitting in Williamsport, Pennsylvania on June 11, 1992. Perales is charged with: (1) carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)[1] (Count I); (2) knowingly transporting a firearm and ammunition in inter-

1. Section 924(c)(1) provides, in relevant part:
 Whoever, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years.... Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, nor shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment including that imposed for the crime of violence or drug trafficking crime in which the firearm was used or carried. No person sentenced under this subsection shall be eligible for parole during the term of imprisonment imposed herein.
 18 U.S.C. § 924(c)(1) (1992 Supp.).

state commerce with the intent of committing an offense punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. § 924(b)[2] (Count II); and (3) traveling interstate (from Florida to Pennsylvania) with the intent of facilitating the distribution and possession of controlled substances in violation of the Pennsylvania Controlled Substance Act and 18 U.S.C. § 1952(a)(3) (Count III).

Count III was dismissed by the court on November 30, 1992 upon motion of the government. Defendant's motion to dismiss Count III is therefore moot.

The charges against Perales arise out of an altercation which he had with three service station attendants and the events which followed. The altercation occurred on July 31, 1990 in Snyder County, Pennsylvania while Perales was traveling from Miami, Florida, to Rochester, New York. During the confrontation, Perales allegedly pulled out a loaded .38 revolver, pointed it at one of the attendants, and threatened to kill him. After the confrontation, Perales and his traveling companion, Christine Call, got back in their vehicle and proceeded north on U.S. Route 15.

Their vehicle was stopped by police officers in Clinton Township, Lycoming County. During a consensual search of the vehicle, the police found the loaded .38 revolver underneath the passenger seat, the seat occupied by Perales when the vehicle was stopped. Their search also uncovered twenty plastic bags of marijuana and 42 grams of cocaine, also contained in plastic bags. After being advised of his rights, Perales admitted placing the drugs in the trunk compartment, where they were found by the officers, when he packed the car in Miami, Florida.

State criminal charges were filed against Perales in Snyder and Lycoming Counties. He was charged in Snyder County with making terroristic threats, recklessly endangering another person, and possessing an offen-

sive weapon. He was charged in Lycoming County with two counts of possessing a controlled substance, two counts of possessing a controlled substance with intent to deliver, one count of possession of drug paraphernalia, and one count of carrying a firearm without a license.

Perales entered into a plea agreement on the Snyder County charges. Under the terms of the agreement, he pled guilty to one count of recklessly endangering another person and was sentenced to a term of one to two years in a state correctional institution. The weapons charge and the terroristic threats charge were *nol prossed* in exchange for Perales' agreeing to enter a plea to the charge of recklessly endangering.

Perales entered into a plea agreement on the Lycoming County charges as well. Under the terms of that agreement, he pled guilty to possession of cocaine with intent to deliver, possession of marijuana with intent to deliver, and carrying a weapon without a license. He was sentenced to an aggregate term of 22 to 60 months on those charges, to be served concurrently with the Snyder County sentence.

Perales was released from state custody on June 11, 1992. On that date, a federal grand jury handed down the three-count indictment which is the subject of this action. Perales entered a plea of not guilty to the federal charges on July 6, 1992 and was released on an appearance bond.

Before the court is a Rule 12(b)(1) motion (Record Document No. 11) to dismiss the indictment with prejudice. Defendant moves to dismiss the indictment on four grounds: (1) vindictive prosecution; (2) pre-indictment delay; (3) violation of the policy stated in *Petite v. United States,* 361 U.S. 529, 80 S.Ct. 450, 4 L.Ed.2d 490 (1960), (the "Petite policy"); and (4) double jeopardy. For the following reasons, defendant's motion will be denied.

---

2. Section 924(b) provides:

Whoever, with intent to commit therewith an offense punishable by imprisonment for a term exceeding one year, or with knowledge, or reasonable cause to believe that an offense punishable by imprisonment for a term exceed-

ing one year is to be committed therewith, ships, transports, or receives a firearm or any ammunition in interstate or foreign commerce shall be fined not more than $10,000, or imprisoned not more than ten years, or both. 18 U.S.C. § 924(b).

## DISCUSSION

### Pre–Indictment Delay

 Perales claims that his due process rights have been violated by federal authorities' twenty-three month delay in bringing charges against him. "[I]n order to obtain a dismissal of charges on the grounds of pre-indictment delay pursuant to the Due Process Clause, a defendant must bear the burden of proving two essential facts: (1) that the government intentionally delayed bringing the indictment in order to gain some advantage over him, and that (2) this intentional delay caused the defendant actual prejudice." *United States v. Ismaili*, 828 F.2d 153, 167 (3d Cir.1987) citing *United States v. Marion*, 404 U.S. 307, 325, 92 S.Ct. 455, 466, 30 L.Ed.2d 468 (1971). Accord: *United States v. Otto*, 742 F.2d 104, 107–08 (3d Cir. 1984), *cert. denied*, 469 U.S. 1196, 105 S.Ct. 978, 83 L.Ed.2d 980 (1985).

Perales alleges that the prosecution gained a tactical advantage by delaying prosecution until after he pled in state court to drug trafficking charges. While the state crime is unquestionably an essential element of Count I of the federal indictment, based on 18 U.S.C. § 924(c)(1), and undoubtedly weakens Perales's defense to such charges, that is not the type or degree of prejudice contemplated by the courts where pre-indictment delay is concerned. See: *Ismaili, supra*, 828 F.2d at 167–69.

The same is true of Perales' assertion that the delay deprived him of the opportunity to serve his federal sentence concurrently with the state sentences. Defendant suffered no prejudice on that ground, inasmuch as the federal statute under which he was indicted in Count I, 18 U.S.C. § 924(c)(1), prohibits the sentence for that offense from running concurrently with any other.

 Although defendant alleges that the delay prejudiced him by depriving him of potential witnesses, he does not provide any specifics or name a single witness or a single piece of exculpatory evidence no longer available to, or discoverable by, him as a result of the delay. An unsubstantiated allegation of prejudice due to the delay is insufficient to warrant dismissal on constitutional grounds.

Defendant has failed to satisfy either prong of the two-prong standard announced in *Marion, supra*, and we will, accordingly deny his motion to dismiss the indictment on due process grounds.

### Rule 48(b)

 Defendant argues that even if the court finds no evidence that his constitutional rights were violated by the delay, the court should exercise its discretion to dismiss the indictment under the less demanding Rule 48(b) standard.[3] For the reasons discussed above, we find defendant has suffered no prejudice as a result of the delay and deny his request for dismissal under Rule 48(b).

### Alleged vindictiveness

 Defendant argues that the indictment should be dismissed as vindictively filed in violation of his Fifth Amendment right of due process. He bases that allegation on a discussion which he had with two federal agents, of the Bureau of Alcohol, Tobacco, and Firearms, on August 30, 1991 while incarcerated at the State Correctional Institution at Camp Hill. The agents advised him that he was under investigation for federal firearms violations, including a violation of 18 U.S.C. § 924(c)(1) which carries a mandatory five year sentence. They also told him if he cooperated with federal authorities in their investigation, he might be eligible to receive a sentence of less than five years. Perales told the agents that he was represented by counsel and advised them to have his attorney contact either the agents or the U.S. Attorney's office. He declined to speak further with the agents, and the visit was terminated. Perales advised his attorney at that time, Peter T. Campana, Esq., of the discussion. Nothing came of Perales' conversations with the agents.

---

3. Rule 48(b) provides:
 If there is unnecessary delay in presenting the charge to a grand jury or in filing an information against a defendant who has been held to answer to the district court, or if there is unnecessary delay in bringing a defendant to trial, the court may dismiss the indictment, information or complaint.

■ To establish a constitutional violation, the defendant must show that federal authorities are prosecuting him to penalize him for exercising legally protected rights. *United States v. Schoolcraft,* 879 F.2d 64, 67 (3d Cir.), *cert. denied,* 493 U.S. 995, 110 S.Ct. 546, 107 L.Ed.2d 543 (1989). Absent proof of a realistic likelihood of vindictiveness on the part of government prosecutors, the burden of proving that the government acted with actual malice is on the defendant and does not shift to the prosecution without some showing on the part of the defendant. *Wasman v. United States,* 468 U.S. 559, 569, 104 S.Ct. 3217, 3223, 82 L.Ed.2d 424 (1984). *United States v. Goodwin,* 457 U.S. 368, 380, 102 S.Ct. 2485, 2492, 73 L.Ed.2d 74 (1982). *Blackledge v. Perry,* 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974).

Here, defendant has made no showing of actual malice. The charges filed against him plainly have a basis in fact.

In addition, there were practical impediments to the federal government's filing of an indictment earlier. The federal charges against defendant are predicated on the commission of underlying state crimes. Section 924(c)(1), prohibits the sentence for that offense from running concurrently with any other, and the Speedy Trial Act requires that a defendant be brought to trial on federal charges within 70 days of "the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). While these factors may not have prohibited the government from pursuing the charges against him while defendant was serving his state sentence, they do constitute reasonable grounds for delaying the indictment and countermand defendant's argument of vindictiveness.

■ Further, there is nothing improper about the government engaging in discussions with a defendant about the possible reduction of charges in exchange for cooperation or assistance with an ongoing investigation and then pursuing the charges discussed in the event no agreement is reached. Such discussions are a necessary component of plea bargain negotiations. If the negotiations are unsuccessful, there is no constitutional bar to authorities' pursuit of charges otherwise proper and supported by the facts. *Bordenkircher v. Hayes,* 434 U.S. 357, 364, 98 S.Ct. 663, 668–69, 54 L.Ed.2d 604 (1978) and *United States v. Esposito,* 968 F.2d 300, 304–05 (3d Cir.1992).

### Double Jeopardy

■ Double jeopardy principles do not bar subsequent federal prosecution for the same acts or series of acts which were the subject of state prosecution. *United States v. Wheeler,* 435 U.S. 313, 98 S.Ct. 1079, 55 L.Ed.2d 303 (1978) and *United States v. Pungitore,* 910 F.2d 1084, 1105 (3d Cir.1990).

■ The contention that charges brought under 18 U.S.C. § 924(c) subsequent to state prosecution for the same act or acts is barred on double jeopardy grounds has been specifically rejected by the federal courts. *United States v. Smith,* 962 F.2d 923, 932 (9th Cir. 1992). See also: *United States v. Martin,* 961 F.2d 161, 163 (11th Cir.1992) (Cumulative sentences imposed pursuant to 18 U.S.C. §§ 111 and 924(c)(1) are not a violation of the Constitution's guaranties against double jeopardy.) For further citations, see: *United States v. Moore,* 917 F.2d 215, 230 (6th Cir.1990), *cert. denied,* 499 U.S. 963, 111 S.Ct. 1590, 113 L.Ed.2d 654 (1991).

We note in addition, that defendant was not prosecuted in state court on firearms charges. Only one of the counts filed against him was a weapons charge, filed in Snyder County, which was *nol prossed.*

### Petite policy

■ The Petite policy discourages federal prosecution following a state prosecution "based on substantially the same act or acts" absent "a compelling federal interest" in dual prosecution.

The policy is an internal guideline, not a mandatory requirement which vests in the accused the right to have the charges against him dismissed in the event of non-compliance. *United States v. Ng,* 699 F.2d 63, 71 (2d Cir.1983).

■ The facts of record indicate that defendant's prosecution is not a violation of the Petite policy. The United States Attorney has represented to the court in his opposing brief that authorization was, in fact, obtained

to prosecute Perales for federal firearms violations under the policies stated in the United States Attorney's Manual, § 9–2.142 (1980), but that the government has declined to provide defendant with a copy of that authorization for confidentiality reasons.

In addition, it is obvious that the federal government has a compelling interest in stemming the escalation of violent, drug-related offenses by prosecuting persons involved in committing such offenses and thereby subjecting them to a mandatory five-year sentence.

Based on the government's representation, and on the fact that non-compliance does not constitute grounds for dismissal of the indictment, defendant's argument for dismissal based on a violation of the Petite policy is rejected.

\* \* \*

An order will be entered consistent with this memorandum.

### ORDER

For the reasons stated in the accompanying memorandum, **IT IS ORDERED THAT:**

1. Defendant's request for a hearing on the issues raised by his motion to dismiss is denied.

2. Defendant's motion (Record Document No. 35) to dismiss Count III of the indictment is denied, as moot.

3. Defendant's motion (Record Document No. 17) to dismiss Counts I and II of the indictment is denied.