**UNITED STATES OF AMERICA, Plaintiff**

**v.**

**RONALD GROSS, Defendant**

Crim. No. 1998-172

District Court of the Virgin Islands

Div. of St. Thomas and St. John

November 5, 1999

Hugh P. Mabe, III, Esq., St. Thomas, U.S.V.I., *for plaintiff*

Treston E. Moore, Esq., St. Thomas, U.S.V.I., *for defendant*

MOORE, *District Judge*

## MEMORANDUM

Defendant Ronald Gross ["Gross"] asks the Court to dismiss the indictment for failure to state a crime, lateness, vagueness, and pre-accusation delay, or to strike "surplusage" from its text. As explained below, the Court will deny these requests.

## FACTUAL SUMMARY

In 1992, Gross opened an insurance agency and brokerage, R. Gross and Associates, Inc., in St. John. As the authorized local agent for several insurers, Gross accepted premium payments from his clients and issued insurance binders to them. In Fall, 1993, an insurer sent cancellation notices to some of those clients.

On August 7, 1998, a federal grand jury charged that Gross had committed mail fraud by retaining premium payments for his own benefit in a scheme to defraud his clients or insurance carriers. (*See* Indictment, Aug. 7, 1998.) Gross concedes that this indictment fell within the five-year limitations period, which lapsed in January, 1999. (*See* Def.'s Mot., Oct. 6, 1999, at 10, 12 (citing applicable statute, 18 U.S.C. § 3282).)

In June, 1999, the Supreme Court clarified that mail fraud must involve *material* false statements or omissions. *See United States v. Neder*, 144 L. Ed. 2d 35, 119 S. Ct. 1827, 1841 (1999). As the indictment did not identify materiality as an element of mail fraud, Gross moved for its dismissal. (*See* Def.'s Mot. to Dismiss, June 16, 1999.) In response, the government secured a new indictment that expressly alleged that Gross made material misrepresentations or

concealed material facts as part of his scheme to defraud. (*See* Superceding Indictment, Aug. 5, 1999, at 1-4 ["S.I."].) This indictment elaborated upon the original as italicized below:

### SCHEME TO DEFRAUD

On or about the year 1993 through January, 1994, the defendant RONALD GROSS devised a scheme and artifice to defraud

*involving material false representations, omissions and concealment of material facts and to deprive another of the intangible right of honest service*

by taking moneys paid by clients and customers for insurance premiums and using those moneys for his own benefit.

It was part of the scheme and artifice to defraud and in furtherance thereof that the defendant . . .

*a. would collect insurance premiums from persons purchasing insurance through R. Gross & Associates,*

*b. would cause clients to use the mails to send documents to him, including checks in payment for insurance policies he obtained for them,*

*c. would take moneys in an amount exceeding $ 200,000.00 which had been collected for insurance premiums and use those funds for his benefit and for purposes other than the proper payment for the insurance policies those clients had paid for,*

*d. would not pay the insurance premiums collected from those clients to the insurance companies or their agents for their policies, as he was obligated to do, and would omit to tell and conceal this information from his clients,*

*e. would violate his fiduciary obligation to pay those monies to the insurance companies or their agents for those clients' policies,*

*f. would deceive and mislead the insurance companies and their representatives regarding payments for insurance policies,*

*g. would deprive both the persons purchasing insurance and the insurance companies and their representatives of the intan-*

465

*gible right of honest services by failing to make the payments for insurance his customers had purchased, and*

*h. would use the mails and other means to send binders, cover notes, insurance policies and other documents to make the clients and customers believe that R. Gross was properly conducting business, that the premiums on insurance policies had been paid and that there was insurance coverage under insurance policies for which each person had paid without the possibility of cancellation for nonpayment of premium.*

## COUNTS ONE THROUGH TWELVE

On or about the dates set forth below, in the District of the Virgin Islands, RONALD GROSS, having knowingly devised a scheme and artifice to defraud, as set forth [above], incorporated by reference, and for the purpose of executing and in furtherance of such scheme, the defendant

caused documents to be delivered by mail to Ronald Gross, R. Gross & Associates, St. John, United States Virgin Islands, and placed and caused to be placed in a post office or authorized mail depository for mail matter documents to be sent and delivered by the Postal Service, each mailing constituting a count of the indictment, to wit:

| COUNT | DATE | ADDRESSEE | SENDER | DOCUMENTS |
|---|---|---|---|---|
| 1. | Aug 14, 1993 | R. Gross & Associates | Sanford Stein | Checks for $ 5,943.68 and $ 376.50 |
| 2. | Oct 5, 1993 | Sanford Stein | Ronald Gross R. Gross & Associates | Insurance Renewals with transmittal letters from Ron Gross |
| 3. | Aug 16, 1993 | R. Gross & Associates | James Thorn | Check for $ 4,894.50[ ] |
| 4. | Aug 17, 1993 | R. Gross & Associates | Bruce Shoonover | Check for $ 1,872.46 |

466

| | | | | |
|---|---|---|---|---|
| 5. | Oct 5, 1993 | Bruce Schoonover | Ronald Gross R. Gross & Associates | Insurance Renewals with transmittal letters from Ron Gross |
| 6. | Aug 22, 1993 | R. Gross & Associates | John and Doris Harvey | Check for $ 5,801.11 |
| 7. | Oct 13, 1993 | Madeleine and Claude Murray | Ronald Gross R. Gross & Associates | Insurance policy with transmittal letter dated Oct 12, 1993 |
| 8. | Sep 6, 1993 | William Mahar | Ronald Gross R. Gross & Associates | Insurance policies and renewal certificate with transmittal letter |
| 9. | Sep 23, 1993 | Ron Gross R. Gross & Associates | William Mahar | Check for $ 30,000.00 with transmittal letter |
| 10. | Oct 7, 1993 | Ron Gross R. Gross & Associates | William Mahar | Check for $ 17,779.95 with transmittal letter |
| 11. | Aug 13, 1993 | R. Gross & Associates | David Tindall and Patrice Kelly | Cashier's Check for $ 1,541.19 |
| 12. | Nov 12, 1993 | David Tindall and Patrice Kelly | R. Gross & Associates | Insurance Policy with transmittal letters from Ron Gross |

All in violation of Title 18, United States Code, Sections 1341 and [4]2.

(*Id.* (emphasis added).) Gross now challenges the superceding indictment on multiple grounds.

## DISCUSSION

As the Court has subject-matter jurisdiction here under 18 U.S.C. § 3231, it will consider Gross' contentions *seriatim*.

## I. Does the Superceding Indictment State an Offense?

Gross argues that the indictment fails to charge a crime because his insurance agency, the alleged "artifice to defraud," could not have defrauded its clients as a matter of law. (*See* Def.'s Mot. to Dismiss, Oct. 6, 1999, at 11-13; Def.'s Mot. to Dismiss, June 16, 1999, at 8-16.) According to the defendant, Virgin Islands law provides that payment by an insured to an authorized insurance agent binds the insurer, so the agent's defalcations cannot void the policy or harm the insured. (*See* Def.'s Mot. to Dismiss, June 16, 1999, at 11-12 (citing COUCH ON INSURANCE 3D § 79:28).) Accordingly, his conduct could not have been material, for "[a] reasonable and prudent insured in the Virgin Islands would not care one iota whether [he] paid the insurers on time or not." (*See id.* at 16.) Gross further submits that "none of the listed victims in the indictment sustained any loss[,] which strongly indicates that there was no specific intent to defraud them." (*See* Def.'s Mot. to Dismiss, June 16, 1999, at 11, 13.) These arguments are both improper and unpersuasive.

Even if Virgin Islands law intervened and rescued his clients' insurance policies, as Gross suggests, the indictment states an offense for several reasons. First, no defendant may challenge the sufficiency of an indictment "on the grounds that it is not supported by adequate evidence." *See United States v. Gallagher*, 602 F.2d 1139, 1142 (3d Cir. 1979). Gross' alleged conduct may well have disrupted his clients' affairs or harmed them in other respects. He cannot concede on one hand that "any attempt ... to conceal his activity" would evince an intent to defraud, (see Def.'s Mot. to Dismiss, June 16, 1999, at 13), and then attack an indictment that posits those facts. These are issues incapable of "determination without the trial of the general issue." *See* FED. R. CRIM. P. 12(b).[1] The Court presently cannot invade the province of the jury

---

[1] The Federal Rules of Criminal Procedure apply to all criminal proceedings in the District Court of the Virgin Islands. *See* FED. R. CRIM. P. 54(a).

to conclude that the defendant did not harm his clients or intend to operate his insurance agency as a scheme to defraud. *See United States v. Donsky*, 825 F.2d 746, 750 (3d Cir. 1987).

■ Second, Gross overlooks the fact that the indictment charges him with scheming to defraud not only his clients, but their insurers.[2] Although the indictment identifies several of the defendant's clients by name, it does so merely to indicate that Gross used the mails to further his scheme. The indictment is not an accounting of victims. Indeed, mail fraud is principally a crime against the United States, not the entities or individuals who were the target of the fraud. *See United States v. Dreer*, 457 F.2d 31, 33 (3d Cir. 1972).

■ Finally, the government need not prove in a mail fraud prosecution that the defendant successfully swindled anyone. As Circuit Judge Hand wrote over sixty years ago:

> Civilly of course the action would fail without proof of damage, but that has no application to criminal liability. A man is none the less cheated out of his property, when he is induced to part with it by fraud, because he gets a *quid pro quo* of equal value. It may be impossible to measure his loss by the gross scales available to a court, but he has suffered a wrong; he has lost his chance to bargain with the facts before him. That is the evil against which the statute is directed.

*United States v. Rowe*, 56 F.2d 747, 749 (2d Cir. 1932). The indictment properly states the offense of mail fraud.

## II. Is the Superceding Indictment Time-Barred?

Gross concedes that the original indictment fell within the statute of limitations, but contends that the passage of the limita-

---

[2] According to the government, Gross abused his fiduciary position as an insurance agent by retaining his customers' premiums without disclosing their existence or forwarding them to the insurance carriers. (*See* S.I. at 2 (asserting that defendant "deprived both the persons purchasing insurance and the insurance companies and their representatives of the intangible right of honest services by failing to make the payments for insurance [that] his customers had purchased.").) This breach of fiduciary duty was implicit in the original indictment.

tions period in January, 1999, barred the grand jury from subsequently adding the essential element of materiality to its charge. This contention, not the indictment, is defective.

■ Our Court of Appeals has held that a superceding indictment returned outside the limitations period but before dismissal of the original indictment must substantially alter the charge against the defendant to violate the statute of limitations. *See United States v. Friedman,* 649 F.2d 199, 203 (3d Cir. 1981). In the present case, the superceding indictment did not alter the charges against the defendant. It merely repeated the original mail fraud charges, conformed the indictment to current law, and explained how Gross sought to make his clients "believe that the premiums on insurance policies had been paid" over to the insurers, as previously alleged. (*See* Indictment, Aug. 7, 1998, at 2.) The Federal Rules plainly contemplate such revisions, see FED. R. CRIM. P. 7(e), 7(f), and encourage the government to descend to factual particulars. *See Friedman,* 649 F.2d at 203-04 (endorsing second indictment that alleged "additional underlying details"). The superceding indictment is not time-barred.

### III. Is the Superceding Indictment Void for Vagueness?

Gross next maintains that the Court must dismiss the indictment because the underlying statute, 18 U.S.C. § 1341, does not clearly proscribe his alleged conduct or safeguard against the spectre of arbitrary enforcement.[3] These contentions are baseless.

■ Gross had fair warning that he might face prosecution for devising a scheme to defraud because his alleged conduct falls within the mail fraud statute's scope. An insurance agent who plans to mail binders, insurance policies, and other documents to his clients without disclosing the fact that he has deliberately retained their premium payments for his own benefit has misused the mails for purposes manifestly prohibited by 18 U.S.C. § 1341.

---

[3] (*See* Def.'s Mot. to Dismiss, Oct. 6, 1999, at 3-4.) Oddly enough, the defendant asserted in a previous motion to dismiss that "a series of subsequent decisions from the circuits, culminating in *Neder v. United States,* have given clarity to this offense's parameters in assisting affected persons and the courts in determining the conduct permitted and prohibited." (*See* Def.'s Mot. to Dismiss, June 16, 1999, at 15.)

*See supra* Part I. Hence, the defendant cannot reasonably argue that the mail fraud statute does not clearly prohibit the conduct alleged in the indictment. *See Government of the Virgin Islands v. John,* Crim. No. 1995-161, slip. op. at 6 (D.V.I. App. Div. Oct. 13, 1999); *see also United States v. Rafsky,* 803 F.2d 105, 108 (3d Cir. 1986) (observing that mail fraud statute's stringent intent requirements clarify nature of proscribed conduct and safeguard against arbitrary enforcement). The superceding indictment is not void for vagueness.

## IV. Has Pre-Indictment Delay Harmed Gross' Defense?

Gross also states that the Court must dismiss the indictment because the government deliberately delayed presenting its case to the grand jury for more than four and a half years, causing substantial prejudice to his defense. As previously noted, the grand jury indicted the defendant-within the limitations period. *See* 18 U.S.C. § 3282.

■ Although "[t]he primary guarantee against bringing stale criminal charges lies in the applicable statute of limitations," *United States v. Otto,* 742 F.2d 104, 107 (3d Cir. 1984), the due process clause of the Fifth Amendment bars prosecution whenever a defendant suffers substantial prejudice from pre-indictment delay occasioned by the government's desire to gain tactical advantage over the accused. *See United States v. Marion,* 404 U.S. 307, 324, 30 L. Ed. 2d 468, 92 S. Ct. 455 (1971) (White, J.). However, the defendant must "produce evidence establishing either prejudice or intentional delay before the government must account for the delay." *See Otto,* 742 F.2d at 107.

Gross adduces no evidence of intentional delay. Instead, he claims that the delay in indictment has prejudiced his defense in numerous respects: His recollection has dimmed, "his witnesses have come and gone and their recollections of exculpatory matters have faded," and "files covering the details of transactions that are the basis of each count were left in [his] business office[,] . . . . and lost, misplaced or destroyed over time." (*See* Def.'s Mot. to Dismiss, June 3, 1999, at 3-4.) The defendant affirms that he can establish specific prejudice by affidavit, (*see id.* at 3), but has not submitted additional materials to the Court.

471

■ The defendant has not demonstrated that he lost valuable witnesses or evidence due to pre-accusation delay. Gross' general and conclusory statements leave the Court to speculate about the scope of his memory loss, the identity of his lost witnesses, the substance of the testimony that his witnesses might have presented at trial, the information that his files contained, or whether the missing testimony or information is available from other sources. No real, substantial prejudice to the defendant is apparent,[4] so the Court will not ask the government to justify the delay. *See United States v. Ismaili*, 828 F.2d 153, 168 (3d Cir. 1987). The Court will deny Gross' multiple motions to dismiss.

## IV. Should the Court Strike Portions of the Superceding Indictment as "Surplusage" Prejudicial to Gross?

Lastly, Gross requests that the Court strike the grand jury's allegation that he

> would take moneys in an amount exceeding $ 200,000.00 which had been collected for insurance premiums and use those funds for his benefit and for purposes other than the proper payment for the insurance policies those clients had paid for, [and] would not pay the insurance premiums collected from those clients to the insurance companies or their agents for their policies, as he was obligated to do . . . .

(*See* Def.'s Mot. to Strike, June 16, 1999, at 2 (quoting Indictment, Aug. 7, 1998, at 2); *see also* S.I. at 2.) Gross bases this request on an ill-founded fear of jury confusion or conviction on uncharged offenses. The Court will deny his motion to strike.

■■ Federal Rule of Criminal Procedure 7(d) allows the Court to excise an indictment's surplusage, not its substance. *See* FED. R.

---

[4] *See United States v. Sebetich*, 776 F.2d 412, 430 (3d Cir. 1985) ("contentions that the memories of witnesses faded as a result of the delay falls far short of the requisite showing of actual prejudice"); *United States v. Dukow*, 453 F.2d 1328, 1330 (3d Cir. 1972) (concluding that defendants failed to demonstrate prejudice because they had neither made an offer of testimony nor given nor any indication that lost witnesses possessed unique knowledge); *United States v. Perales*, 838 F. Supp. 196, 199 (M.D. Pa. 1992) (rejecting suggestion of pre-indictment prejudice because defendant did not "provide any specifics or name a single witness or a single piece of exculpatory evidence no longer available or discoverable by him as a result of the delay").

CRIM. P. 7(d); CHARLES ALAN WRIGHT, FEDERAL PRACTICE AND PROCEDURE (CRIMINAL) 3D § 127, at 635 (1999) ("Words descriptive of what is legally essential to the charge in the indictment cannot be stricken as surplusage."). Allegations that do not express required elements of the offense may remain in the indictment so long as they are relevant to the overall scheme charged. *See, e.g., United States v. Yeaman*, 987 F. Supp. 373, 376 (E.D. Pa. 1997); *United States v. Caruso*, 948 F. Supp. 382, 392 (D.N.J. 1995); *United States v. Wecker*, 620 F. Supp. 1002, 1006 (D. Del. 1985). While the assertion that Gross diverted his clients' premium payments to his own benefit does not convey an essential element of mail fraud to the jury, it does suggest that the defendant devised and participated in a scheme to defraud. The Court will not strike these allegations, which are neither inflammatory nor unduly prejudicial.

## CONCLUSION

For the reasons stated above, the Court will deny Ronald Gross' motions to dismiss or strike the indictment. An appropriate Order follows.

## ORDER

THE PREMISES DULY CONSIDERED, and for the reasons delineated in the Court's Memorandum Opinion of even date, it is hereby

ORDERED that the defendant's motions to dismiss and strike (docket nos. 45, 46, 47, and 64) are DENIED.

ENTERED this 5th day of November, 1999.