# GOVERNMENT OF THE VIRGIN ISLANDS, Appellant
## v.
# MARVIN FRASER, Appellee

D.C. Crim. App. No. 2002-34

District Court for the Virgin Islands

Division of St. Thomas and St. John

February 3, 2004

Joel H. Feld, Esq., Assistant Attorney General, V.I. Department of Justice, St. Thomas, U.S.V.I., *for Appellant*

Julie Smith Todman, Esq., Territorial Public Defender, St. Thomas, U.S.V.I., *for Appellee*

FINCH, MOORE, and CABRET, *Judges*

## MEMORANDUM

*Per curiam.*

## I. INTRODUCTION

The government appeals the trial judge's dismissal of Count I with prejudice. The government alleges that the trial judge abused his discretion and contravened its prosecutorial discretion without a necessary showing of bad faith by the government or prejudice to the defendant. Although we find the government at fault, the trial judge's dismissal with prejudice was too harsh a remedy and therefore an abuse of discretion. Accordingly, this Court vacates the trial court's January 28, 2002 Order and remands the case with instructions that the trial judge dismiss all the charges without prejudice.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On July 10, 2001, Marvin Fraser was involved in an auto accident. [J.A. at 10.] The Government of the Virgin Islands charged Fraser in Count I with driving under the influence in violation of 20 V.I.C. § 493(a)(1), in Count II with negligent driving in violation of 20 V.I.C. § 503, in Count III with violation of the traffic regulations in violation of 20 V.I.C. § 491(a) and V.I. Rules and Regulations 491-52, and in Count IV with operating a motor vehicle without insurance in violation of 20 V.I.C. § 712. [J.A. at 8-9.] Fraser plead[ed] not guilty.

At the September 13, 2001 pretrial conference, Fraser's final pretrial conference and jury trial were scheduled for November 19, 2001 and November 26, 2001, respectively.[1]

At the November 19, 2001 final pretrial conference, both parties confirmed that they were ready for trial. The trial judge also scheduled a suppression hearing for the next day. The Government advised the trial court that because of the short notice, it might not be able to proceed at the suppression hearing. [J.A. at 3-4, 28.]

The next morning, November 20, 2001, the government submitted its motion to continue the suppression hearing and trial to late January because two "crucial" witnesses, Officers Loryliel Charleswell and Marjorie Richardson, were sick.[2] [J.A. at 13.] The government attached a doctor's note stating Officer Charleswell visited Jeffrey M. Chase, M.D., on November 6, 2001, and was unable to return to work "until further notice." [Id. at 15.] The government contended that the witnesses were essential for both the suppression and the trial because Officer Charleswell was the arresting officer and Officer Richardson administered the breathalyzer. [Id. at 13.] The government also argued that a continuance would not prejudice Fraser because he was not in custody.

At the 1:00 p.m. hearing that day, Fraser withdrew his motion to suppress and the trial judge heard argument on the motion to continue the trial.[3] Fraser responded that he was ready for trial and that the officers were not necessary because only he and the complainant had witnessed the accident, while the officers arrived afterwards. The government argued that the officers' presence was necessary for cross-examination, and additionally, that another officer, Carl Charleswell, had witnessed the accident and was therefore also needed for the jury trial.[4]

---

[1] On September 13, 2001, a criminal subpoena for the November 26th jury selection was issued for Officer Loryiel Charleswell and he was served on September 25, 2001. [J.A. at 3.] On November 14, 2001 a subpoena issued for Officer Marjorie Richardson for the November 26th jury selection but she was not served until after the suppression hearing on November 21, 2001. [J.A. at 4.]

[2] The motion to continue is time stamped as being filed at 9:40 a.m. [J.A. at 13.]

[3] Fraser had initially moved to suppress some of the government's evidence on the grounds that he did not receive proper notice, but at the hearing he withdrew this motion because he discovered that he, in fact, had received notice. [J.A. at 28-29.]

[4] The government informed the Court that the complainant had named two additional eyewitnesses the previous night. Fraser's counsel had not been given notice of these additional witnesses and thus objected to their participation. [J.A. at 33.]

The trial judge advised the parties that he would not grant the continuance because he believed that but for the scheduling of the suppression hearing, the government would not have informed the court about the unavailable witnesses until the day of trial. [J.A. at 33.] The trial judge admonished the government for not confirming that its witnesses were available before the final pretrial conference and then telling the court that it was ready for trial. [J.A. at 34.] The government explained that this was a special situation because the officers took ill, and that the government informed the court as soon as it gained the information. [J.A. at 35-36.] The court then accepted the doctor's note and told the government to call its several other witnesses at the trial. [J.A. at 38.] The government then moved to dismiss the case without prejudice so it could refile at a later date. Fraser responded that he would be prejudiced by such an uncertain delay and that the government could proceed without the two officers.

The trial judge then advised the parties that if he dismissed the case, he would dismiss the charge for driving under the influence with prejudice and only allow the government to refile the traffic charges. [J.A. at 41.] In support, the trial judge pointed out that when the trial date was originally set for November 26, Fraser had already expressed a desire for an earlier trial date. The trial judge also found the government at fault for not checking with the witnesses before saying they were ready for trial. Lastly, the trial judge said that even with the excused absence of Officer Charleswell, the government could still prove its case with its other witnesses. The government noted its objection on the record. [J.A. at 45.]

On January 28, 2002, the trial judge entered an order dismissing Count I with prejudice and Counts II-IV without prejudice. The government timely appealed the dismissal of Count I.

## III. DISCUSSION

### A. Jurisdiction and Standards of Review

This Court has jurisdiction to review Territorial Court orders terminating a prosecution in a defendant's favor on one or more counts, except where there is an acquittal on the merits. *See* 4 V.I.C.§ 39(c);

Section 23A of the Revised Organic Act.[5] The appellate court accords plenary review to the trial court's interpretation of legal precepts; however, factual findings are reviewed for clear error. *Id.; see Poleon v. Government of the V.I.,* 184 F. Supp. 2d 428 (D.V.I. App. Div. 2002). A trial judge's decision to dismiss for the government's unnecessary delay in bringing a defendant to trial will only be reversed for abuse of discretion. *See Government of the Virgin Islands v. Lee,* 775 F.2d 514 (3d Cir. 1985); *United States v. DeLeo,* 422 F.2d 487, 495 (1st Cir. 1970); *United States v. Lane,* 561 F.2d 1075 (2d Cir. 1977).

## B. Trial Judge Abused his Discretion in Dismissing Count I with Prejudice

■ Rule 48(b) governs the dismissal in this case.[6] Rule 48(b)(3) provides that "the court may dismiss an indicment, information, or complaint if unnecessary delay occurs in ... bringing a defendant to trial."[7] The Court of Appeals for the Third Circuit has recognized that Rule 48 restates a court's inherent power to dismiss a case for lack of prosecution and is a vehicle for enforcing a defendant's speedy trial right. *United States v. Dreyer,* 533 F.2d 112 (3d Cir. 1976). Some courts consider the same factors used in adjudicating a speedy trial claim in determining whether there was "unnecessary delay" under Rule 48. *See United States v. DeLuna,* 763 F.2d 897 (8th Cir. 1985); *United States v. Dooling,* 406 F.2d 192 (2d Cir. 1969); 3B Charles Alan Wright et al., Federal Practice & Procedure, Federal Rules of Criminal Procedure, § 814 (2004). These factors are: the length of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice

---

[5] Revised Organic Act of 1954, § 23A, 48 U.S.C. § 1614, *reprinted in* V.I. Code Ann., Historical Documents, Organic Acts, and U.S. Constitution at 159-60 (1995) (preceding V.I. Code Ann. tit. 1).

[6] Fraser argues that Territorial Court Rule 131 permitted the trial judge's dismissal. (Appellee's Br. at 5-6.) We agree that the trial judge had this discretion under Rule 131, but we still find that he abused such discretion in dismissing the charge with prejudice on these facts.

[7] This procedural rule is not inconsistent with the Territorial Court Rules, so it applies to this case. *See* Terr Ct. R. 7.

to the defendant. *See Barker v. Wingo*, 407 U.S. 514, 530, 33 L. Ed. 2d 101, 92 S. Ct. 2182 (1972).[8]

Under these factors, we do not find "unnecessary delay" warranting dismissal with prejudice because the government's misconduct was not deliberate and because little, if any, prejudice was caused to the defendant. In the speedy trial context, most courts agree that the case must be dismissed with prejudice if the government's deliberate choice caused the delay. *See Dickey v. Florida*, 398 U.S. 30, 38, 26 L. Ed. 2d 26, 90 S. Ct. 1564 (1970) ("No valid reason for the delay existed; it was exclusively for the convenience of the state."). On the other hand, if the government was only negligent in causing the delay, dismissal is less certain. *See United States v. Ward*, 211 F.3d 356, 361 (7th Cir. 2000).

■ The reason for the delay in this case was the unexpected illness of two witnesses. Fraser argues, as the trial judge did, that the government was clearly at fault for failing to check the availability of these witnesses before the final pre-trial conference. At worst, the government's conduct was negligent so dismissal is not required, especially not dismissal with prejudice.

■ Dismissal is also less appropriate when there is little or no showing of prejudice to the defendant. *See United States v. Jiang*, 214 F.3d 1099, 1103 (9th Cir. 2000); *United States v. Perales*, 838 F. Supp. 196 (M.D. Pa. 1992). We agree with the government that there was an insufficient showing of such prejudice in this case. (Appellant's Br. at 15.) Fraser was not incarcerated and provided no specific reason why a continuance would harm him besides expressing concern that the matter would be extended to the "indescribable future." [J.A. at 39.] The government, however, did not ask for an extension indefinitely, but instead, specifically requested a two-month continuance. Fraser provided no reason why he could not effectively defend himself at this continued trial date.

Based on these circumstances, we agree with the government that the trial judge's *sua sponte* dismissal with prejudice was too severe a remedy. (Appellee's Br. at 14.) The government relies heavily on *United*

---

[8] The length of the delay and the defendant's assertion of the right do not merit much discussion in our analysis. The government's continuance only would have delayed the case two months which further supports our conclusions. Additionally, the defendant clearly asserted his right to a speedy trial by requesting the soonest trial date possible.

*States v. Goodson.* 204 F.3d 508 (4th Cir. 2000). Although it was decided by another Circuit Court of Appeals, we find its facts similar and its reasoning persuasive. In *Goodson,* the government learned two weeks before the scheduled trial date that its key witness would be unavailable because he had a pre-paid vacation abroad. *Id.* at 510. Once the defendant opted for trial, the government twice moved for a continuance because it was unable to subpoena the witness. *Id.* at 511. The district court denied both motions. *Id.* On the morning of trial, the government learned that another subpoenaed witness could not appear because his SWAT unit was involved in a hostage crisis. *Id.* The government again moved for a continuance because of the absence of these two witnesses. The district judge denied the motion and invited defense counsel to make a motion to dismiss. The judge granted dismissal with prejudice only explaining that the government was not prepared to proceed on the date the parties had mutually agreed to. *Id.* at 512. The Court of Appeals reversed the dismissal holding that:

> [A] district court may not, in the management of its docket, exercise its discretion to dismiss an indictment *with prejudice,* either under *Rule 48(b)* or under its supervisory power, *unless the violation caused prejudice to the defendant or posed a substantial threat thereof.*

*Goodson,* 204 F.3d at 514. (emphasis added). The Court of Appeals found the dismissal improper because there was no showing that government acted in bad faith or that the defendant was prejudiced. *Id.* at 513, 516. As the appellant notes, the Circuit Court found dismissal *with prejudice* to be a "harsh remedy" because it allows the trial court's "interest in the orderly administration of justice to override the interests of the victims and the public interest in the enforcement of criminal law." *Id.* at 514.[9] Here, as in *Goodson,* there is no showing that the government of the Virgin Islands acted in bad faith or that Fraser would have been prejudiced by a continuance. We agree that dismissal with prejudice is a serious remedy to be used sparingly by the courts. Therefore, we find

---

[9] Some courts have even found dismissal with prejudice to be disallowed when the trial judge fails to at least warn the prosecutor once that dismissal will be ordered if the government is not ready to proceed. See *United States v. Simmons,* 536 F.2d 827, 834 (9th Cir. 1976).

that the trial judge abused his discretion in dismissing Count I with prejudice upon the government being unprepared for trial.

## IV. CONCLUSION

The government did not cause "unnecessary delay" justifying the trial court's *sua sponte* dismissal of Count I with prejudice. The government acted negligently rather than deliberately or in bad faith and there was no evidence in the record that the continuance would have actually prejudiced the defendant. Based on these circumstances, we find that the trial judge abused his discretion.