**GOVERNMENT OF THE V.I., Appellant**
**v.**
**JAHMALI ALLICK, KARMAL MICHAEL,**
**and DARNELL A. JAMES, Appellees[1]**

D.C. Crim. App. No. 2004/093, 2004/092, 2004/091

District Court of the Virgin Islands

Division of St. Croix

September 22, 2006

---

[1]  These cases were consolidated for the purpose of appeal.

MAUREEN PHELAN, AAG, St. Thomas, U.S.V.I., *For Appellant.*

YOLAN BROW, ESQ., BRUCE BENNETT, ESQ., PAMELA COLON, ESQ., HAROLD WILLOCKS, TPD, St. Croix, U.S.V.I., *For Appellees.*

GOMEZ, *Chief Judge, District Court of the Virgin Islands*; FINCH, *Judge of the District Court of the Virgin Islands*; and HODGE, *Judge of the Superior Court of the Virgin Islands, Sitting by Designation.*

## MEMORANDUM OPINION

(September 22, 2006)

The government brings this appeal challenging an order granting dismissal of the underlying criminal matter. We are asked to decide whether the trial court abused its discretion in dismissing, with prejudice, the underlying criminal charges against Appellees Jahmali Allick ("Allick"), Karmal Michael ("Michael") and Darnell James ("James") (collectively "appellees").[2] For the reasons stated herein, this Court holds that the trial court's dismissal of the charges with prejudice under these circumstances was, indeed, an abuse of discretion. We will accordingly vacate such dismissal and remand for further proceedings.

## I. STATEMENT OF FACTS AND PROCEDURAL POSTURE

On March 20, 2003, a 13-year old girl was gang-raped by several male individuals in an empty building in the Marley Housing Project, Frederiksted. The men threatened to harm the girl if she told anyone, and that incident was not immediately reported.

On March 30, 2003, the same child was again gang-raped by several males in the same manner. Some of the men from the first incident were

---

[2] While only Allick filed an appellate brief, both Karmal Michael and Darnell James filed notices indicating they joined in that brief.

implicated in the second as well. Following the second rape, the victim reported the incident.

The victim initially identified as her assailants Allick, Haneen Arri, and Michael. The three men were charged in an information filed on April 16, 2003. Allick was initially charged with both incidents, along with Michael. However, the government subsequently dismissed charges against Allick connected with the March 30 incident. James was later charged in both incidents, and the government asserts that at least three other men have since been charged for those crimes.

On December 10, 2003, on motion by Allick, the court severed the case against the appellees from that of the other defendants implicated in the March 30 crime, and a superseding information was filed against the appellees on Jan 14, 2004, reflecting the severed charges connected to the March 20 rape.

The government recovered DNA evidence connected to the March 30 incident, but had no such evidence in the March 20 rape. That DNA evidence was sent to the FBI laboratory for testing.

On June 16, 2003, the government requested, and the defendants stipulated to, a continuance of 90 days, due to delays in getting the results of FBI testing. On September 16, 2003, the trial court granted a second continuance to January 2004, on the government's motion, again due to delays in obtaining results from the DNA evidence from the FBI. On January 22, 2004, the government again successfully moved to continue the trial for four to six weeks, stating that it was awaiting analysis of a hair sample for one defendant.

In response to requests by the court, the government opted to proceed with the trial in the March 20 incident. That trial was scheduled for March 22, 2004; the trial for the March 30 incident was set for May 3, 2004. However, on January 30, 2004, the government moved to advance the trial date for the March 30 incident from May 3 to March 22, 2004, and to have the trial in the March 20 incident heard on May 3, 2004. As reasons therefor, the government contended that, because of its representations to the FBI and based on its last requested continuance date, its FBI witnesses had prepared to testify in March and were unavailable for May. The DNA evidence, and the FBI testimony, only applied to the March 30 matter. The court denied that motion and additionally warned the government that failure to proceed to trial with the March 20 incident, on its scheduled date, would result in dismissal.

Following the court's denial of that motion, the government on March 3, 2004 filed a motion seeking to admit evidence from the March 30, 2004 incident at the trial of the March 20 rape. The government argued certain evidence was admissible as prior bad acts and prior sexual assault under evidentiary rules, given two common defendants in both cases. The government argued that information was relevant to the victim's identification and the reliability of the same,[3] common scheme or plan, modus operandi of the actors, and impeachment of the defendants regarding their denial of ever having had sex with the victim. The government also argued that certain evidence from the March 30 incident was "inextricably intertwined" with that of the March 20 incident, including police statements and statements of the victim and the defendants which melded both incidents. The court denied that motion by order dated March 16, 2004.

Thereafter, on March 17, 2004, the government—citing its inability to meet its burden of proof on the March 20 incident in light of the court's evidentiary ruling—moved to dismiss the information against the appellees without prejudice, pursuant to its prosecutorial discretion.[4] The trial court, noting it was troubled by the "inextricably intertwined" language in the government's initial motion (see footnote 4) and by the fact that the appellees had been held under house arrest and 24-hour monitoring at the government's expense for nearly a year, entered dismissal with prejudice to counts 11 through 19 of the Superseding Information, which related to the March 20 rape. This appeal followed.

---

[3]  Two of the appellees in this action, Michael and James, are also charged in the March 30 incident.

[4]  That language was contained in a Corrected Motion to Dismiss Without Prejudice. However, the government on March 17 initially filed a motion in which, in addition to citing its inability to sustain its burden of proof, also referred to the evidence being invariably intertwined with the March 30 case and the effect of the court's evidentiary rulings on its ability to sustain its burden of proof. The corrected motion, filed on the same day, omitted that language. The following day—March 18, 2004—the government filed an Amended Corrected Motion to Dismiss Without Prejudice, with minor amendments to the language. The court's order addressing the motion to dismiss, entered on March 19, 2004, and the appellees' arguments on appeal, both disregard the corrected motions and hinge their arguments on the language contained in the government first motion to dismiss.

## II. DISCUSSION

### A. Jurisdiction and Standards of Review

This Court has jurisdiction to review an order of the trial court dismissing a prosecution in favor of the defendant, except where there is an acquittal on the merits. *See* The Omnibus Justice Act of 2005, Act No. 6730, § 54 (amending Act No. 6687 (2004), which repealed 4 V.I.C. §§ 33-40, and reinstating appellate jurisdiction provisions);[5] Revised Organic Act of 1954 § 23A, 48 U.S.C. § 1613a;[6] *see also, Government of Virgin Islands v. Lee*, 775 F.2d 514 (3d Cir. 1985).

In undertaking such review, we may disturb the court's dismissal under FED. R. CRIM. P. 48(b) based on the government's unnecessary delay in bringing a defendant to trial only for abuse of discretion. *See Virgin Islands v. Fraser*, 2004 U.S. Dist. LEXIS 1767, 45 V.I. 461 (D.V.I. App. Div. 2004) (*citing Lee*, 775 F.2d at 526; *United States v. De Leo*, 422 F.2d 487, 495 (1st Cir. 1970); *United States v. Lane*, 561 F.2d 1075 (2d Cir. 1977)). We similarly review for abuse of discretion the trial court's decision to dismiss a prosecution with or without prejudice. *See United States v. Giambrone*, 920 F.2d 176, 180-82 (2d Cir. 1990).

Finally, we review the trial court's factual findings, including its finding of actual prejudice, for clear error, "but in applying that standard, we must keep the defendant's heavy burden in mind." *United States v. Jiang*, 214 F.3d 1099, 1103 (9th Cir. 2000) (internal quotation marks and citations omitted). The court's interpretation of legal precepts is accorded plenary review. *See Poleon v. Gov't of V.I.*, 184 F. Supp. 2d 428 (D.V.I. App. Div. 2002).

### B. Whether the Trial Court Abused Its Discretion in Granting A Dismissal With Prejudice.

The government argues on appeal that the trial court abused its discretion in dismissing all counts related to the March 20 rape, where there was no evidence that the defendants would have been prejudiced by a dismissal without prejudice. The appellees argue, however, that

---

[5] That authority was formerly provided in 4 V.I.C. § 39(c).

[6] The complete Revised Organic Act of 1954 is found at 48 U.S.C. §§ 1541-1645 (1995 & Supp. 2003), *reprinted in* V.I. CODE ANN. 73-177, Historical Documents, Organic Acts, and U.S. Constitution (1995 & Supp. 2003) (preceding V.I. CODE ANN. tit. 1).

dismissal with prejudice was warranted, where the government requested three continuances and where further delay posed a substantial risk of prejudice to them and also jeopardized the integrity of the judicial system.

The trial court may exercise its discretion to dismiss a criminal case as a remedy for the government's "unnecessary delay" in bringing a defendant to trial. *See* FED. R. CRIM. P. 48(b)(3) and advisory committee notes (indicating that Rule 48(b) restates the inherent power of the court to dismiss a case for failure to prosecute); *compare* SUP. CT. R. 131 (noting that court may dismiss a criminal case where the government fails to prosecute on the scheduled trial date).[7] The determination that there has been unnecessary delay, as contemplated by the rule, is to be made after consideration of: the length of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. *See Government of Virgin Islands v. Bryan*, 818 F.2d 1069, 1076 (3d Cir. 1987); *Virgin Islands v. Fraser*, 2004 U.S. Dist. LEXIS 1767 (D.V.I. App. Div. 2004) (citing *United States v. DeLuna*, 763 F.2d 897 (8th Cir. 1985); *United States v. Dooling*, 406 F.2d 192 (2d Cir. 1969); 3B CHARLES ALAN WRIGHT AND NANCY J. KING, FEDERAL PRACTICE & PROCEDURE § 814 (2004); *Barker v. Wingo*, 407 U.S. 514, 530, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972)).

There is no set time limit that is considered presumptively prejudicial; rather, the determination that the delay is one that warrants dismissal is to be made based on the facts and circumstances of each case. *See e.g., Wells v. Petsock*, 941 F.2d 253, 257-59 (3d Cir. 1991) (noting, in explaining the fact-specific nature of this inquiry, that longer delays can be tolerated, without prejudicial effect, when the crime is very serious or complex) (citing *Barker*, 407 U.S. at 531). Where, however, the delay resulted, not from mere negligence, but from the government's deliberate misconduct in delaying the matter, dismissal is appropriate under Rule 48. *See Wells*, 941 F.2d at 257 (finding no prejudice, in Speedy Trial context, where there was no evidence of a "deliberate attempt to delay the trial in order to hamper the defense," nor evidence of any "improper motive in the Government's request for a continuance")

---

[7]    *See also, Fraser*, 2004 U.S. Dist. LEXIS 1767 (finding FED. R. CRIM. P. 48 applicable to issue, pursuant to SUP. CT. R. 7, where the federal rule was not inconsistent with SUPER. CT. R. 131).

(citing *Barker*, 407 U.S. at 531); *Fraser*, 2004 U.S. Dist. LEXIS 1767 (finding that the government's failure in checking availability of witnesses before final pre-trial conference, which would have revealed illness of a witness was, at worst, negligent and did not evidence bad faith conduct warranting dismissal) ("[N]o valid reason for the delay existed; it was exclusively for the convenience of the state.") (citing *Dickey v. Florida*, 398 U.S. 30, 38, 90 S. Ct. 1564, 26 L. Ed. 2d 26 (1970); *United States v. Ward*, 211 F.3d 356, 361 (7th Cir. 2000)); *see also, Gov't of V.I. v. Burmingham*, 788 F.2d 933, 936-37 (3d Cir. 1986) (noting that dismissal under Rule 48(b) is inappropriate where there is "no showing of bad faith or dilatory purpose on the Government's part") (quoting *United States v. Loud Hawk*, 474 U.S. 302, 106 S. Ct. 648, 88 L. Ed. 2d 640 (1986)).

■ Even if dismissal under Rule 48 is appropriate, the determination whether such dismissal is appropriately made with prejudice is to be based on consideration of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of justice. *See United States v. Watkins*, 339 F.3d 167, 180 (3d Cir. 2003); *Giambrone*, 920 F.2d at 180 (citing *United States v. Taylor*, 487 U.S. 326, 334-35, 108 S. Ct. 2413, 101 L. Ed. 2d 297 (1988)); *see also, Government of Virgin Islands v. Bryan*, 818 F.2d 1069, 1076 (3d Cir. 1987) (deciding appropriateness of dismissal with prejudice); *United States v. Hastings*, 847 F.2d 920, 924 (1st Cir. 1988) (noting that test is intended to encourage judges to weigh both private and public interests when determining whether or not to foreclose reprosecution). Noting that this analysis compels consideration of society's interest in bringing the particular accused to trial, the *Hastings* Court stated, "The graver the crimes, the greater the insult to societal interests if the charges are dropped, once and for all, without a meaningful determination of guilt or innocence." *Hastings*, 847 F.2d at 925.

The record in this case does not reflect the kind of delay warranting dismissal with prejudice, under the factors noted above. The government's requested continuance would have delayed the trial for approximately two months. Although the information was initially filed in April, 2003, the information at the time reflected two crimes against a single victim, implicating several individuals in one or both of those crimes. The government was, therefore, faced with a complex set of

circumstances requiring identification of evidence relevant to some, though not all, of the defendants. The ongoing investigation and development of the case is reflected in the arrests of additional individuals at various times.

Although the government sought three earlier continuances, as the appellees note, two of those continuances were filed prior to severance of the March 20 case from the case involving the March 30 incident. We note that the first of those continuances was done by stipulation of the parties, and the reason asserted was the delay in getting the results of DNA testing from the FBI. Moreover, it was not until December 10, 2003 that the court severed the case related to the March 20 rape from that related to the March 30 incident. Therefore, until such severance, the government's assertions that it was awaiting FBI analysis of evidence, though relevant to only the March 30 incident, could not be said to evidence bad faith or deliberate delay, as the appellees argue.

More dispositive of the issue here, however, is the issue of prejudice. As we have previously recognized, actual prejudice to a defendant is the touchstone inquiry for determining whether delay warrants dismissal. *See Fraser*, 2004 U.S. Dist. LEXIS 1767; *Barker*, 407 U.S. at 532-33; *United States v. Morrison*, 449 U.S. 361, 365, 101 S. Ct. 665, 66 L. Ed. 2d 564 (1981) (noting that dismissal is inappropriate, even if violation may have been deliberate, "absent demonstrable prejudice or substantial threat thereof."). That inquiry centers primarily on whether a defendant's ability to present a defense at trial has been impaired by the delay, the defendant's lengthy and oppressive pretrial incarceration coupled with the anxiety and concern suffered as a result of a public accusation of crime. *See Barker*, 407 U.S. at 532-33 (noting that prejudice to the defendant is the most serious factor, "because the inability of a defendant adequately to prepare his case skews the fairness of the entire system").

Given the nature of this determination, which focuses on the harm to the defendant resulting from the delay, we are unpersuaded by the trial court's holding, and the appellees' argument, that the risk of prejudice presented by the government's attempt to obtain the court's permission to use evidence of the March 30 matter in the trial of the March 20- rape militates in favor of a finding of prejudice. The appropriate remedy for avoiding prejudice to the appellees from the government's impermissible use of evidence would have been to bar the use of such evidence at trial

by denying the pretrial motion in that regard. Indeed, that is exactly what the trial court did.

We are similarly unpersuaded that the government's motion to dismiss the information without prejudice, based on its belief that it could not meet its burden of proof following the court's evidentiary rulings precluding certain evidence, evinced bad faith warranting a finding of unnecessary or prejudicial delay.

In denying the government's motion to dismiss, the trial court noted that it was "troubled by the government's statement that the evidence of the March 20 incident was inextricably intertwined with evidence of the March 30, 2003 incident" and by what it perceived as the government's actual intent to use the evidence of the March 30 incident to prosecute the March 20 rape, for the sole purpose of inflaming the jury and shirking its burden of proof. The court further pointed to the numerous continuances that had been granted and the fact that the defendants had been under house arrest and subject to 24-hour electronic monitoring for nearly a year.

While the appellees' house arrest and electronic monitoring is a loss of liberty which may constitute prejudice warranting dismissal under Rule 48, *see United States v. Taylor*, 487 U.S. at 340; *compare, Barker*, 407 U.S. at 537, we are unpersuaded that such prejudice could not be adequately avoided without the harsh remedy of dismissal with prejudice. *See Jiang*, 214 F.3d at 1103 (finding abuse of discretion and noting that, although accused had been incarcerated less than 5 months and an additional month would qualify as actual prejudice, "that prejudice could as easily have been remedied by a dismissal without prejudice"); *see also Fraser*, 2004 U.S. Dist. LEXIS 1767 (noting that "dismissal with prejudice is a serious remedy to be used sparingly by the courts" because it allows the trial court's "interest in the orderly administration of justice to override the interests of the victims and the public interest in the enforcement of criminal law.") (quoting *United States v. Goodson*, 204 F.3d 508, 514 (4th Cir. 2000)). As to Michael and James, we additionally note that the continued charges against them in the March 30 incident further reduced any potential for prejudice resulting from their continued house arrest during the two-month delay.

Moreover, a prosecutor's decision to defer prosecution based on the need to conduct further investigation, in keeping with the government's burden of proof, has been found under analogous circumstances to

511

amount to necessary delay and consistent with a defendant's due process rights. *See e.g., United States v. Beckett*, 208 F.3d 140, 150-51 (3d Cir. 2000) (discussing delay in pre-indictment context); *United States v. Lovasco*, 431 U.S. 783, 790-97, 97 S. Ct. 2044, 52 L. Ed. 2d 752 (1977) (noting, in context of pre-indictment delay, that, "Rather than deviating from elementary standards of 'fair play and decency,' a prosecutor abides by them if he refuses to seek indictments until he is completely satisfied that he should prosecute and will be able promptly to establish guilt beyond a reasonable doubt." Therefore, investigative delay does not deprive a defendant of due process); *United States v. Frost*, 431 F.2d 1249 (1st Cir. 1970) (noting that mere lapse of time between arrest and trial does not require dismissal in absence of prejudice), *cert. denied*, 401 U.S. 916, 91 S. Ct. 896, 27 L. Ed. 2d 817 (1971); *see also, Wells*, 941 F.2d at 257-59 (noting, in finding pretrial detention of seven months for homicide tolerable, that, "Our system must be deliberate to be just; such deliberateness often requires a considerable expenditure of time prior to trial. A pretrial incarceration of seven months, although harmful from the perspective of the accused, does not by itself compel a finding that the petitioner was deprived of his right to a speedy trial.").

Forever barring prosecution as a result of the government's inability to proceed is particularly unwarranted where, as here, we are faced with a most serious crime against a child, involving multiple defendants, and where the accused claimed no actual prejudice to their right to a fair trial or ability to mount a defense as a result of the delay.

## III. CONCLUSION

Given the seriousness of the offenses, the brief delay sought by the government, the absence of any actual prejudice to the appellees' ability to have a fair trial, and the less severe remedy of dismissal without prejudice which was available to the trial court, we find the trial court abused its discretion in ordering a dismissal with prejudice. Accordingly, we will reverse the trial court's order in that regard and remand for further proceedings consistent with this opinion.